IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERESA LYNN DUTTON,

           Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security
Administration,

           Defendant.

Case No. 3:15-cv-2164-PA

OPINION AND ORDER

GEORGE J. WALL
1336 E. Burnside St. Suite 130
Portland, Oregon 97214
    Of Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR 97204-1011

CATHERINE ESCOBAR
Special Assistant United States Attorney
Office of the General Counsel
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Of Attorneys for Defendant

1 OPINION AND ORDER

PANNER, District Judge:

Teresa L. Dutton ("Plaintiff") seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("SSA"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

*Administrative History*

On March 25, 2011, Plaintiff applied for DIB and SSI. Tr. 17. Plaintiff alleged disability beginning on August 15, 2003. *Id.* Plaintiff's application was denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on May 19, 2014 before ALJ Tom Morris. Tr. 38-92. Plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). *Id.* On July 1, 2014, ALJ Morris issued a decision finding Plaintiff not disabled. Tr. 30. Plaintiff requested review from the Appeals Council, which was declined on September 22, 2015 and this action followed. Tr. 1.

*Background*

Born in 1968, Plaintiff was 35 years old on the alleged disability onset date. Tr. 207. Plaintiff is insured for benefits through September 30, 2011. Tr. 17, 19. Plaintiff alleges disability due to foot bone spurs, Graves' disease, knee problems, bipolar disorder, depression, and post traumatic stress disorder ("PTSD"). Tr. 242. Plaintiff has a GED and has worked as a carnival game attendant, shelf stocker, bell ringer for the Salvation Army, and a sample table attendant. Tr. 28.

*Disability Analysis*

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or

2 OPINION AND ORDER

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must

3 OPINION AND ORDER

Case 3:15-cv-02164-PA   Document 17   Filed 09/27/16   Page 4 of 11

evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

4 OPINION AND ORDER

*The ALJ's Findings*

At step one of the sequential evaluation process outlined above, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, August 15, 2003. Tr. 19.

At step two, the ALJ determined Plaintiff has the following severe impairments: left knee ligament tear, left heel bone spur, and personality disorder. *Id.* The ALJ identified other injuries and mental conditions that did not rise to the level of severe impairment. Tr. 19-21.

At step three, the ALJ found that Plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 23. Because Plaintiff did not establish disability at step three, the ALJ continued to evaluate how Plaintiff's impairments affected her ability to work during the relevant period. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work and:

> [t]he claimant can occasionally lift or carry 50 pounds and frequently lift or carry 25 pounds. She can stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday. She can sit (with normal breaks) for a total of about six hours in an eight-hour workday. The claimant can frequently climb ramps and stairs. She can occasionally climb ladders, ropes, or scaffolds, kneel, crouch, and crawl. The claimant can tolerate occasional contact with the public and co-workers for work tasks. There should be no production rate pace work (i.e., assembly line work) but rather oriented work (such as office cleaner). The claimant needs one additional break of customary duration.

Tr. 23.

At step four, the ALJ found that Plaintiff had no past relevant work, as the jobs she held did not rise to the level of substantial gainful activity. Tr. 28.

At step five, the ALJ found Plaintiff could perform jobs with significant numbers in the national economy, including janitor, hospital cleaner, and agricultural sorter. Tr. 29. As such, the ALJ found Plaintiff not disabled. *Id.*

*Standard of Review*

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.' " *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

*Discussion*

Plaintiff alleges the ALJ erred by improperly assessing: (1) the opinion of Plaintiff's treating nurse practitioner Kristin Cummings; and (2) the lay witness testimony of Danny Williams.

I. **Nurse Practitioner's Opinion**

Plaintiff argues the ALJ erred by giving little weight to the opinion of Kristin Cummings, Plaintiff's treating nurse practitioner. To reject the testimony of a medically acceptable treating source, the ALJ must give specific, legitimate reasons based on substantial evidence in the record. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). However, a nurse practitioner is not a medically acceptable source, but instead is an "other source." § 404.1513(d)(1). To reject the opinion of an "other source" the ALJ need only give "reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010).

Nurse Cummings treated Plaintiff from 2011 until 2014 and completed a check-the-box mental residual functional capacity assessment of Plaintiff in 2014. Tr. 806-08. She stated, among other limitations, that Plaintiff had moderately severe impairments in interacting with the general public, getting along with coworkers, and accepting criticism from superiors. Tr. 807. She also assessed Plaintiff with moderately severe limitations in concentration, persistence, and pace, as well as social interactions. Tr. 806-08. The assessment defined "moderately severe" impairments as limiting the affected person to only occasionally performing the activity. Tr. 806. The ALJ gave Nurse Cummings' opinion little weight because she is an "other source" and her findings contradicted Plaintiff's own reports, Dr. Sacks' findings, and Plaintiff's own abilities. Tr. 27.

Plaintiff argues the ALJ erred by giving little weight to Nurse Cummings' assessment of Plaintiff's difficulties with her coworkers, supervisors, and the general public. Instead, the ALJ

7 OPINION AND ORDER

granted great weight to the assessments of Dr. Gary Sacks, the examining psychologist, as well as the non-examining Drs. Joshua Boyd and Paul Rethlinger, all of whom opined that Plaintiff would have only moderate difficulties interacting with the general public and coworkers. Tr. 27. It was not error for the ALJ to accord more weight to Drs. Sacks, Boyd, and Rethlinger because they are acceptable medical sources, and as a nurse practitioner, Ms. Cummings' opinion is not owed the same deference as acceptable medical sources. *Molina*, 674 F.3d at 1111. Moreover, the ALJ accounted for Plaintiff's moderate difficulties in the RFC by limiting the Plaintiff to only "occasional contact with the public and co-workers for work tasks." Tr. 23.

Plaintiff argues the ALJ further erred by failing to credit Nurse Cummings' opinion that Plaintiff had moderate limitations in concentration, persistence, and pace. Dr. Sacks conducted a mental status examination of Plaintiff; he opined that she was, at worst, "mildly impaired" in the areas of concentration, persistence, and pace. Tr. 552. The regulations allow an ALJ to give deference to a specialist's opinion concerning matters related to his specialty over that of nonspecialists. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). Thus, the ALJ did not err by relying on the opinion of an acceptable medical specialist over Nurse Cummings.

Finally, Plaintiff argues the ALJ erred by failing to credit Nurse Cummings' opinion that Plaintiff had moderate limitations in social interactions. However, as the ALJ noted, Plaintiff described herself as a good salesperson in her part-time work, which involves selling bracelets and frequently interacting with customers, including door-to-door sales. Tr. 594, 625. She also frequently uses public transportation and goes out on a daily basis. Thus, the record contains evidence of daily activities that tend to contradict "other source" testimony, which is a germane reason for rejecting an "other source" opinion. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Furthermore, Drs. Sacks, Boyd, and Rethlinger all assessed moderate social difficulty, which the ALJ adopted in his opinion. The ALJ did not err.

8 OPINION AND ORDER

Plaintiff essentially argues for a different interpretation of the record, but the ALJ's interpretation is rational and supported by substantial evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision).

## II. **Lay Witness Testimony**

Plaintiff argues the ALJ erred by failing to discuss the lay witness testimony of her friend, Danny Neal Williams. Lay testimony regarding a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence the ALJ must take into account. *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). The ALJ may reject lay testimony if he provides "arguably germane reasons" supported by substantial evidence, even if those reasons are not clearly linked to the ALJ's determination. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

Mr. Williams completed a third party function report on behalf of Plaintiff. Tr. 250-60. He stated he has known Plaintiff for 20 years and sees her every day because she takes care of him.[1] Tr. 250. Mr. Williams is described in different sections of the record as either her husband or friend. Tr. 250, 301, 374. Mr. Williams stated Plaintiff's bone spurs make it difficult for her to stay on her feet, her Bipolar Disorder keeps her isolated from people and affects her ability to stay employed, and her knees hinder her ability to walk. Tr. 250. He also stated Plaintiff is troubled by Carpal Tunnel Syndrome, asthma, and "tailbone" problems. Tr. 250-60. Mr. Williams further stated that Plaintiff cooks, cleans, shops, and uses public transportation daily. Tr. 252-53. He stated that Plaintiff has difficulty interacting with other people, including

---

[1] Mr. Williams is disabled and receives benefits for his condition.

9 OPINION AND ORDER

coworkers, and her personality disorder "has cost her jobs." Tr. 255. The ALJ failed to mention Mr. Williams' testimony.

The Commissioner concedes the ALJ erred by failing to discuss Mr. Williams' testimony. However, the Commissioner contends the error was harmless because the ALJ rejected Plaintiff's subjective symptom testimony, and the ALJ's reasons for rejecting Plaintiff's testimony apply equally to Mr. Williams' testimony.

An ALJ's error is harmless when it is "inconsequential to the ultimate non-disability determination." *Molina*, 674 F.3d at 1115. An ALJ's failure to comment on lay witness testimony is harmless where the same reasons the ALJ used to reject the plaintiff's testimony also favor rejecting the lay witness' claims. *Id.* at 1122.

In this case, the ALJ rejected Plaintiff' testimony in part because it was inconsistent with the medical record, a rationale that applies with equal force to Mr. Williams' testimony. Mr. Williams stated Plaintiff cannot stay on her feet for long periods of time or walk more than five to six blocks without resting because of her "bad knees." Tr. 250. The ALJ noted, however, that Plaintiff showed normal range of motion in her extremities in a 2007 exam, her knee displayed full range of motion in a January 2009 exam, and an X-ray of her knees in 2011 displayed normal results. Tr. 24. Additionally, although Mr. Williams reported that Plaintiff suffers from asthma "that makes her breathing not good," the ALJ noted that X-rays show Plaintiff had clear lungs and the record showed no objective evidence of any functional impairments caused by asthma. Tr. 21. Mr. Williams also reported that Plaintiff needed help to stand up when she bent down, she could not walk far, and needed help climbing stairs. Tr. 257. Plaintiff's allegations are undercut by her own report that she moved some of her belongings to a storage unit in 2009, and did a great deal of heavy lifting by moving her friend's furniture later that year. Tr. 25-26.

10 OPINION AND ORDER

Plaintiff argues that Mr. Williams' report showed Plaintiff had difficulty cooperating with her supervisors, which should have been considered by the ALJ. However, the record shows the ALJ was aware of Plaintiff's difficulty in cooperating with her coworkers, as the ALJ gave great weight to Dr. Sacks, who opined Plaintiff had moderate interpersonal difficulties. Tr. 27. The ALJ also gave great weight to Drs. Boyd and Rethlinger, who opined Plaintiff had moderate difficulties interacting with the general public and should be limited to occasional public and coworker contact. *Id.* Thus, the ALJ considered Plaintiff's social limitations, his interpretation of the record is reasonable, and therefore the Court may not disturb it.

Accordingly, the court concludes that the ALJ's failure to expressly address Mr. Williams' testimony was inconsequential to the ultimate determination of non-disability. *Molina*, 674 F.3d at 1115. Any error was harmless.

*Conclusion*

Based on the foregoing, the Commissioner's decision denying Plaintiff's application for DIB and SSI is affirmed, and this case dismissed.

**IT IS SO ORDERED.**

DATED this 27 day of September, 2016.

Owen Panner
United States District Judge